UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE STREETER-EL ) | |
|     Plaintiff, ) | Cause No. |
| ) | |
| v. ) | Jury Trial Demanded |
| ) | |
| FATHERS' SUPPORT CENTER, ST. LOUIS ) | |
| **Serve Registered Agent** ) | |
| **Halbert Sullivan** ) | |
| **4411 N. Newstead Avenue** ) | |
| **St. Louis, MO 63115** ) | |
| ) | |
|     Defendant. ) | |

_____

## PLAINTIFF'S PETITION FOR DAMAGES

Plaintiff Willie Streeter-El (hereinafter "*Plaintiff*"), by his attorney, Michelle K. Faron and the Law Firm of Schrempf, Kelly, & Napp, Ltd., for his complaint against the Defendant Fathers' Support Center, St. Louis (hereinafter "*Defendant*"), respectfully shows the Court and alleges as follows:

PRELIMINARY STATEMENT

1. This is an action for damages to redress the deprivation of rights secured to Plaintiff by the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. and/or the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601 et seq.

2. The jurisdiction of this Court over this controversy is invoked pursuant to 29 U.S.C. § 2617 and 28 U.S.C. §§ 1331 and 1367.

3. The unlawful employment practices described herein were committed within the State of Missouri, in Defendant's offices in St. Louis, Missouri. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

4. Prior to filing this action, Plaintiff timely filed his written charge asserting disability discrimination with the Equal Employment Opportunity Commission (EEOC) and Missouri Commission on Human Rights.

5. On or about April 23, 2019, the EEOC issued a Right to Sue. A copy of said Right to Sue is attached hereto and marked as Exhibit "A." Said Exhibit "A" is incorporated herein as though herein set forth in full.

6. In conformance with law, Plaintiff has filed this action subsequent to the expiration of ninety (90) days from the date of receiving his right to sue letter from the EEOC and within two years after Defendant willfully violated Plaintiff's rights under ADA.

## PARTIES

7. Plaintiff Willie Streeter-El is a male citizen of the United States and a resident of the State of Missouri.

8. Plaintiff is a person entitled to protection pursuant to the provisions of 42 U.S.C. § 12111(8), or alternatively or conjunctively, pursuant to 29 U.S.C. § 2611(2)(a) to be treated as an employee within the meaning of the FMLA.

9. Defendant Fathers; Support Center is a Missouri Not-For-Profit organization with offices located at 4411 N. Newstead Avenue, St. Louis, MO 63115.

10. Defendant was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 2611(4)(a) at all times relevant to this action.

11. Furthermore, Defendant was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 2611(4)(a) and 42 U.S.C. § 12102(5)(A).

## FACTS

12. At the time of the termination of his employment, Plaintiff was employed by Defendant at the location known as North County Location, located at 1425 Stein Rd., Ferguson, Missouri.

13. At all times relevant herein, Defendant employed more than 50 employees.

14. At all times relevant herein, Defendant acted through its servants and agents.

15. Plaintiff was employed as a facilitator by Defendant from October 1, 2012 until January 9, 2019. Plaintiff's employment has been continuous.

16. Plaintiff has been diagnosed with having borderline intellectual functioning, a learning disability, ADHD, anxiety, depression, borderline cognitive ability, and executive functioning disorder.

17. As a result of his disabilities, Plaintiff has memory problems and often forgets things, such as projects and due dates.

18. At the time of his termination, Plaintiff's ending rate of pay was $18.63 per hour.

19. During his employment with the Defendant, Plaintiff had received medical, dental, vision, and life insurance benefits through the Defendant.

20. In Plaintiff's position as a facilitator, Plaintiff had job duties such as assisting clients find jobs and making referrals for clients as their needs arise.

21. That during Plaintiff's employment sometime during several years ago, Plaintiff told the Social Service Director, Mrs. A. Roberson, who was one his supervisors, of his mental impairment, a disability which substantially limited or gave the appearance of substantially limiting one or more of his major life activities.

22. Plaintiff's supervisors knew that Plaintiff had stress, anxiety manifestations and/or a mental disability.

23. That during Plaintiff's employment sometime during several years ago, Plaintiff spoke to the Social Service Director, Mrs. A. Roberson, who was one his supervisors, requested the accommodation of having reminders from his supervisors of deadlines and tasks, as due to his mental impairment, he would sometimes forget projects or due dates.

24. In August 2017, Plaintiff spoke with the Director of Social Services, Mrs. A. Roberson and requested to have a reasonable accommodation of being reminded about deadlines because his disability would cause him to forget deadlines.

25. Mrs. Roberson informed Plaintiff that she would get back to him on whether or not the accommodation would be approved.

26. Despite multiple follow-ups by the Plaintiff regarding the status of his request for accommodation, Plaintiff's request was never approved.

27. In August 2018, the Social Service Coordinator Director, Tina Tribbit, informed the Plaintiff that he was being written up because he forgot to record attendance.

28. Plaintiff again requested an accommodation to have the company remind him of due dates and to give him an extension to record attendance.

29. Defendant's Human Resource Director, Rashonda Bell, informed Plaintiff that she believed Plaintiff was making up his disability in an attempt to get out of trouble.

30. On or about August 25, 2019, Plaintiff again requested an accommodation and produced documentation from Dr. Brian Sheble dated August 25, 2019 outlining the requested accommodation and Plaintiff's disability.

31. On or about September 11, 2019, Plaintiff's request for accommodation was approved.

3

32. The accommodations included 1) Plaintiff receiving instructions and expectations from Social Services Coordinator; Tina Tribbitt, 2) Trina Tribbitt communicating both verbally and electronically through email for expectations; 3) Plaintiff being able to take time off for doctor appointments if Plaintiff advises Plaintiff's supervisors of the medical appointment at least two business days in advance and providing a doctor's note; 4) being emailed reminders and outlook alerts to remind Plaintiff of deadlines and paperwork requirement; and 5) receive deadline extensions of 1.5x to complete mandatory paperwork.

33. On or about October 4, 2019, Plaintiff did not receive his reminder for the entering of attendance records.

34. On or about October 5, 2019, Plaintiff was written up for failing to enter attendance records.

35. On or about October 11, 2018, Plaintiff filed a grievance regarding the failure to provide a notification as specified in his accommodations and protesting the write up.

36. In response to filing a grievance, Plaintiff was informed by the Hubert Sullivan, the CEO for the Defendant, that he should know his job because of how long he had worked for the employer and did not need an accommodation.

37. In response to filing a grievance, Plaintiff was informed again by Defendant's Human Resource Director, Rashonda Bell, that he was using his disability to avoid accountability and he did not need an accommodation.

38. Due to the grievances filed and the response to his reporting of the grievances, Plaintiff suffered anxiety and went to see his doctor, Dr. Sheble.

39. Dr. Sheble informed Plaintiff that he needed to take time off of work in an attempt to manage his anxiety, as his disability was worsening due to anxiety.

40. On or about October 9, 2018, Plaintiff requested FMLA Leave.

41. On or about October 9, 2018, Defendant approved FMLA Leave.

42. On or about November 1, 2018, Plaintiff was cleared to return to work, with accommodations.

43. After returning to work on or about November 1, 2018, Plaintiff was treated in a more hostile environment.

44. Defendant's Human Resource Director, Rashonda Bell, responded to the FMLA leave request in a way that made Plaintiff feel like he was in trouble for requesting FMLA leave.

45. On or about January 1, 2019, Plaintiff was informed that he was being terminated for violating the company policy and printing applications for his personal business.

46. The job applications were of individuals that used Defendant as a resource for employment and the Defendant would get credit for the job placement of these individuals.

47. Plaintiff had for years been placing individuals from the Defendant at his private business and the Defendant would get the credit for the job placement of these individuals.

48. Prior to requesting accommodations for his disability, Plaintiff was allowed to print applications in order to place individuals that used the Defendant for a resource.

49. Prior to taking FMLA leave, Plaintiff was allowed to print applications in order to place individuals that used the Defendant for a resource.

50. The aforedescribed reason or reasons for terminating Plaintiff are pretextual. The termination of Plaintiff violated one, some or all of the following laws: ADA, FMLA, public policy violation and violation of Missouri Human Rights Act.

## STATEMENT OF CLAIMS

### COUNT ONE: DEFENDANT VIOLATED THE AMERICANS WITH DISABILITIES ACT, AS AMENDED, 42 U.S.C. §§12101 et seq.

51. Plaintiff restates, realleges and reavers and hereby incorporates by reference any and all allegations of paragraphs "1." through "50.," inclusive, herein.

52. Plaintiff alleges that Defendant discriminated against the Plaintiff by failing multiple times to accommodate his disability, as he requested the reminders and extension of times to fill out reports.

53. Plaintiff alleges that Defendant unlawfully and discriminatorily terminated Plaintiff's employment on account of his disability or disabilities and said actions violate the provisions of the Americans With Disabilities Act, as amended, 42 U.S.C. §§ 12101 et seq., justifying an award, inter alia, of back pay, front pay, interest, benefits, special damages, compensatory and punitive damages against said Defendant.

### COUNT TWO: DEFENDANT VIOLATED THE AMERICANS WITH DISABILITIES ACT, AS AMENDED, 42 U.S.C. §§12203 et seq.

54. Plaintiff restates, realleges and reavers and hereby incorporates by reference any and all allegations of paragraphs "1." through "53.," inclusive, herein.

55. In addition, Plaintiff alleges that Defendant's unlawful and discriminatory termination of his employment in retaliation for his filing of a grievance of non-compliance with the Americans with Disabilities Act violate the provisions of the Americans With Disabilities Act, as amended, 42 U.S.C. §§ 12203 et seq., justifying an award, inter alia, of back pay, front pay, interest, benefits, special damages, compensatory and punitive damages against said Defendant.

## COUNT THREE: DEFENDANT VIOLATED THE FAMILY AND MEDICAL LEAVE ACT OF 1993, 29 U.S.C. §§2601 et seq.

56. Plaintiff restates, realleges and reavers and hereby incorporates by reference any and all allegations of paragraphs "1." through "55.," inclusive, herein.

57. In addition, Plaintiff alleges that Defendant's unlawful termination of his employment violates the laws of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq. justifying an award, inter alia, of back pay, interest, special damages (if applicable), and any and all other damages that he is entitled to under law against Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

A. For a money judgment representing compensatory damages, including lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

B. For a money judgment representing punitive damages for Defendant's willful violations of law;

C. For a money judgment representing prejudgment interest, if applicable;

D. That this Court retain jurisdiction over this action until Defendant has fully complied with the orders of this Court, and that this Court require Defendant to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable ADA and FMLA provisions;

E. For lost monies and damages pertaining to out-of-pocket expenses, especially related to, but not limited to, insurance payments for COBRA;

F. For reasonable attorneys' fees; and

## JURY DEMAND

Plaintiff herein demands a trial by jury of all issues in this action.

Respectfully submitted,

*/s/ Michelle K. Faron*
Bryan J. Schrempf, #66211MO
Michelle K. Faron, #68058 MO
Attorneys for Plaintiff
307 Henry Street
Suite 415
P.O. Box 725
Alton, IL 62002
(618) 465-2311 Office
(618) 465-2318 Facsimile
bschrempf@sknlawyer.com
mfaron@sknlawyer.com